Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ENRIQUE TIZOL, *individually and on behalf of*
*others similarly situated,*

                              *Plaintiff,*

                    -against-

BRENNAN AND CARR REST. INC. (d/b/a
BRENNAN & CARR), EDDIE SULLIVAN and
URSULA SULLIVAN,

                              *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**RULE 23 and**
**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Enrique Tizol, individually and on behalf of others similarly situated ("Plaintiff"),

by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief,

and as against each of Defendants Brennan and Carr Rest. Inc. (d/b/a Brennan & Carr)

("Defendant Corporation"), Eddie Sullivan and Ursula Sullivan (collectively, "Defendants"),

alleges as follows:

## NATURE OF ACTION

        1.      Plaintiff Tizol is a former employee of Defendants Brennan and Carr Rest. Inc.

(d/b/a Brennan & Carr ), Eddie Sullivan and Ursula Sullivan.

        2.      Brennan & Carr is a restaurant located at 3432 Nostrand Avenue, Brooklyn, New

York 11229.

3.     Upon information and belief, Defendants Eddie Sullivan and Ursula Sullivan serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the restaurant.

4.     Plaintiff Tizol is a former employee of Defendants.

5.     Plaintiff Tizol worked as a dishwasher, grill worker and counter attendant at Defendants' restaurant located at 3432 Nostrand Avenue, Brooklyn, N.Y. 11229.

6.     At all times relevant to this Complaint, Plaintiff Tizol worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Tizol appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Defendants' conduct extended beyond Plaintiff Tizol to all other similarly situated employees.

9.     At all times relevant to this Complaint, Plaintiff Tizol worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked.

10.    Plaintiff Tizol now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Tizol  now brings this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Tizol's state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Tizol was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Enrique Tizol ("Plaintiff Tizol" or "Mr. Tizol") is an adult individual residing in Kings County, New York.

15.     Plaintiff Tizol was employed by Defendants from approximately February 2013 until on or about January 29, 2017.  At all relevant times to this complaint, Plaintiff Tizol was employed by Defendants as a dishwasher, grill worker and counter attendant.

16.     Plaintiff Tizol consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

17.     Defendants own, operate, and/or control a restaurant located at 3432 Nostrand Avenue, Brooklyn, New York 11229 under the name "Brennan & Carr" at all times relevant to this complaint.

18.     Upon information and belief, Brennan and Carr Rest. Inc. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3432 Nostrand Avenue New York, N.Y. 11229.

19.     Defendants Eddie Sullivan and Ursula Sullivan are individuals engaging in business within this judicial district during the relevant time period. Defendants Eddie Sullivan and Ursula Sullivan are sued individually in their capacity as owners, officers and/or agents of Defendant Corporation.

20.     Defendants Eddie Sullivan and Ursula Sullivan possess operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or control significant functions of Defendant Corporation. Defendants Eddie Sullivan and Ursula Sullivan determine the wages and compensation of the employees of Defendants, including Plaintiff Tizol, establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a restaurant located at 3432 Nostrand Avenue, Brooklyn, N.Y. 11229.

22.     Individual defendants Eddie Sullivan and Ursula Sullivan possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

24.     Each defendant possessed substantial control over Plaintiff Tizol's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Tizol, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Tizol, and all similarly situated individuals, and are Plaintiff Tizol's  (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Tizol and/or similarly situated individuals.

27.     Upon information and belief, individual defendants Eddie Sullivan and Ursula Sullivan  operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

5

(b)     defectively forming or maintaining Defendant Corporation by, among

other things, failing to hold annual meetings or maintaining appropriate

corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or

majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining

control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect

their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Tizol's employers within the

meaning of the FLSA and NYLL.

29.     Defendants had the power to hire and fire Plaintiff Tizol, controlled the terms and

conditions of employment, and determined the rate and method of any compensation in exchange

for Plaintiff Tizol's services.

30.     From 2013 to 2017, Defendants, both individually and jointly, had gross annual

volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are

separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprises were

directly engaged in interstate commerce. For example, numerous items that were used in the

preparation of grilled products and sandwiches on a daily basis were produced outside of the State of New York.

<em>Individual Plaintiff</em>

32.     Plaintiff Tizol is a former employee of Defendants, primarily employed in performing the duties of a dishwasher, grill worker and counter attendant.

33.     Plaintiff Tizol seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

<em>Plaintiff Enrique Tizol</em>

34.     Plaintiff Tizol was employed by Defendants from approximately February 2013 until on or about January 29, 2017.

35.     At all relevant times, Plaintiff Tizol was employed by Defendants as a dishwasher, grill worker and counter attendant.

36.     Plaintiff Tizol regularly handled goods in interstate commerce such as condiments and sauces necessary to perform his duties as a dishwasher, grill worker, and counter attendant.

37.     Plaintiff Tizol's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Tizol regularly worked in excess of 40 hours per week.

39.     From approximately February 2013 until on or about January 29, 2017, Plaintiff Tizol  worked from approximately 10:00 a.m. until on or about 6:00 p.m. on Mondays, from approximately 6:00 p.m. until on or about 1:00 a.m. Tuesdays, Wednesdays, Thursdays and

Sundays, and from approximately 6:00 p.m. until on or about 2:00 a.m. on Saturdays (typically 44 hours per week).

40.    Throughout his employment with defendants, Plaintiff Tizol was paid his wages in cash.

41.    From approximately February 2013 until on or about December 2015, Defendants paid Plaintiff Tizol a fixed salary of $350.00 per week.

42.    From approximately January 2016 until January 29, 2017, Defendants paid Plaintiff Tizol a fixed salary of $390.00 per week.

43.    Defendants never granted Plaintiff Tizol meal breaks or break periods of any kind during his work hours.

44.    Defendants did not provide Plaintiff Tizol with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

45.    Defendants never provided Plaintiff Tizol with a written notice, in English and in Spanish (Plaintiff Tizol's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46.    Plaintiff Tizol was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

47.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tizol regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

48.     Defendants regularly required Plaintiff Tizol to work in excess of forty (40) hours per week without paying him the proper minimum wage and overtime compensation.

49.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tizol  (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and overtime compensation, as required by federal and state laws.

50.     Plaintiff Tizol was paid his wages entirely in cash.

51.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

52.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tizol (and similarly situated individuals) worked, and to avoid paying Plaintiff Tizol properly for his actual hours worked.

53.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

54.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Tizol and other similarly situated current and former restaurant workers.

55.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Tizol with statutorily required wage and hour records or statements of pay

received, in part so as to hide Defendants' violations of the wage and hour laws, and to take

advantage of Plaintiff Tizol's relative lack of sophistication in wage and hour laws.

56.     Defendants failed to provide Plaintiff Tizol and other employees with wage

statements at the time of payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part

of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked,

as required by NYLL §195(3).

57.     Defendants failed to provide Plaintiff Tizol and other employees, at the time of

hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the

regular pay day designated by the employer; the name of the employer; any "doing business

as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer,

as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

58.     Plaintiff Tizol brings his FLSA minimum wage, overtime and liquidated damages

claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA and Rule 23 class"), who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA and Rule 23 Class Period"), as employees of Brennan & Carr (the "FLSA and Rule 23 Class").

59.     At all relevant times, Plaintiff Tizol and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage and overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

60.     At all relevant times, Plaintiff Tizol, and other members of the FLSA and Rule 23 class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

61.     The claims of Plaintiff Tizol stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

62.     Plaintiff Tizol sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b) (2), and (b) (3) of the Federal Rules of Civil Procedure.

63.     Plaintiff Tizol brings his New York Labor Law minimum wage, spread of hours pay, overtime compensation and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years

11

before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Tizol, are referred to herein as the "Class."

64. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

65. There are questions of law and fact common to the Class including:

a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiff the minimum wage at the premium rate within the meaning of the New York Labor Law;

e. whether Defendants improperly deducted "shorts" from the Plaintiff's wages; and

f. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work;

66. The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and

failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

67.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

68.    The common questions of law and fact predominate over questions affecting only individual members.

69.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

70.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**<u>FIRST CAUSE OF ACTION</u>**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

71.    Plaintiff Tizol repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Tizol's employers and employers of the putative FLSA and Rule 23 Class members within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Tizol, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Tizol (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

76. Defendants' failure to pay Plaintiff Tizol (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Tizol (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

78. Plaintiff Tizol repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Tizol (and the FLSA and Rule 23 class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Tizol , and the putative FLSA and Rule 23 class  members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Tizol (and the FLSA and Rule 23class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

82.     Plaintiff Tizol repeats and realleges all paragraphs above as though fully set forth herein.

83.     At all times relevant to this action, Defendants were Plaintiff Tizol's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Tizol, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

84.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tizol (and the FLSA and Rule 23 class members) less than the minimum wage.

85.     Defendants' failure to pay Plaintiff Tizol (and the FLSA and Rule 23 class members)  the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Tizol (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

87.     Plaintiff Tizol repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tizol (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiff Tizol (and the FLSA and Rule 23 class members)   overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff Tizol (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

91.     Plaintiff Tizol repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to provide Plaintiff Tizol (and the FLSA and Rule 23 class members)   with a written notice, in English and in Spanish (Plaintiff Tizol's  primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical

address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93.     Defendants are liable to Plaintiff Tizol (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

94.     Plaintiff Tizol repeats and realleges all paragraphs above as though set forth fully herein.

95.     With each payment of wages, Defendants failed to provide Plaintiff Tizol (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Tizol (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tizol respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective and Rule 23 action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tizol (and the FLSA and Rule 23 class members).

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tizol  (and the FLSA and Rule 23 class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tizol's  (and the FLSA and Rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Tizol (and the FLSA and Rule 23 class members)

(f)     Awarding Plaintiff Tizol (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Tizol (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under

the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tizol (and the FLSA and Rule 23 class members);

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tizol (and the FLSA and Rule 23 class members);

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Tizol's (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Tizol (and the FLSA and Rule 23 class members);

(l)     Awarding Plaintiff Tizol (and the FLSA and Rule 23 class members)   damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages as applicable;

(m)     Awarding Plaintiff Tizol (and the FLSA and Rule 23class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Tizol (and the FLSA and Rule 23class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Tizol  and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Tizol  and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorney's fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Tizol demands a trial by jury on all issues triable by a jury

Dated: New York, New York
February 15, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.


_____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
          60 East 42nd Street, Suite 2540
          New York, New York 10165
          (212) 317-1200
          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 13, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Enrique Tizol

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          13 de febrero de 2017

*Certified as a minority-owned business in the State of New York*